IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HOLMES,<br>    Plaintiff<br><br>v.<br><br>GEORGE W. HILL<br>CORRECTIONAL FACILITY,<br>    Defendant | :<br>:<br>:<br>:    CIVIL ACTION NO. 22-CV-1698<br>:<br>:<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                            **JULY 13, 2022**

Timothy Holmes filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims related to his confinement at the George W. Hill Correctional Facility ("Hill"), which is the only named defendant. Mr. Holmes also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Holmes leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTUAL ALLEGATIONS

Mr. Holmes's allegations are brief. He alleges that beginning on January 1, 2022, prison officials at Hill did not provide him with proper medical treatment or housing during his five-day stay in the "holding tank" at the prison. (Compl. at 4.)[1] Mr. Holmes alleges that he slept "on metal" in the holding tank with no bunks or running water and that he was not provided with anything to drink for hours. (*Id.*) He also alleges that he was forced to share space in the holding tank with numerous other inmates, some of whom were "detoxing and throwing up." (*Id.*) Mr. Holmes also alleges that he caught a stomach virus and did not see a nurse for five

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

days. (*Id.* at 5.) He had his temperature taken but was not sent for blood work or provided medication. (*Id.*) Based on these allegations, Mr. Holmes asserts claims and seeks money damages under § 1983. At the time he filed his Complaint, Mr. Holmes had been released from confinement at Hill. Although Mr. Holmes does not state whether he was a pretrial detainee or a convicted and sentenced prisoner, a review of the public state court docket reveals that Mr. Holmes was a pretrial detainee during the relevant times described in his Complaint. *See Commonwealth v. Holmes*, CP-23-CR-0002016-2002, MJ-32247-CR-0000009-2022 (C.P. Delaware).

## II. STANDARD OF REVIEW

The Court grants Mr. Holmes leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because, Mr. Holmes is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The Court understands Mr. Holmes to be asserting constitutional claims based on the conditions of his confinement in the holding tank at Hill and for the lack of medical treatment when he was sick.[2] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Holmes's Complaint must be dismissed because the only party he has named, Hill, is not a proper defendant in a § 1983 case. A prison or correctional facility is not a "person" as that term is used in § 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Rather, a proper defendant in a § 1983 case is one who had "personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual

---

[2] Although Mr. Holmes refers to equal protection as the constitutional right at issue (*see* Compl. at 3), nothing in the Complaint suggests a basis for an equal protection claim.

3

knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). However, because the Court cannot say that Mr. Holmes will never be able to assert a plausible claim based on the conditions of his confinement[3] or the lack of medical treatment,[4] the dismissal of the Complaint will be without prejudice, and Mr. Holmes will be granted an opportunity to file an amended complaint if he is able to cure the defect the Court has identified.

---

[3] The Due Process Clause of the Fourteenth Amendment governs conditions of confinement claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To state a basis for a Fourteenth Amendment violation, a detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017).

[4] To state a constitutional claim based on the failure to provide medical treatment, a prisoner or detainee must allege facts indicating that one or more prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice or mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Holmes's Complaint without prejudice. An appropriate order follows with additional instruction on amendment.

BY THE COURT:

_____
**GENE E.K. PRATTER, J.**
